IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JERRY LYNN NOTESTINE                                                                              PLAINTIFF

V.                                                  NO. 13-5116

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jerry Lynn Notestine, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.   **Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on May 20, 2010, alleging an inability to work since May 1, 2009, due to kidney problems, depression, anxiety, and gout. (Tr. 112-113, 116-120, 149, 153). An administrative hearing was held on February 10, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 30-48).

By written decision dated March 22, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - kyphoscoliosis,[1] history of renal

---

[1] Kyphoscoliosis - Lateral and posterior curvature of the spine; severe cardiopulmonary compromise can be a late complication. Stedman's Medical Dictionary 1036 (28th ed. 2006).

calculi, gout, depressive disorder, anxiety disorder and personality disorder. (Tr. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit six hours and stand/walk six hours, and he can occasionally climb, balance, crawl, kneel, stoop and crouch. The claimant is further limited and can understand, remember and carry out simple, routine and repetitive tasks and respond to usual work situations and routine work changes. He can interact frequently with supervisors and occasionally with coworkers and the public.

(Tr. 19-20). With the help of the vocational expert (VE), the ALJ determined that Plaintiff could not perform his past relevant work, but would be able to perform such jobs as assembler (small product assembler), inspectors or sorters (gasket inspector) and warehouse checker. (Tr. 24-25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence and denied that request on May 1, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 10). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Subsequent to the ALJ 's decision, the Appeals Council considered additional evidence: a June 6, 2012 Medical Source Statement prepared by Karen Traymore, APN (Tr. 452-454), a July 12, 2012 letter from Ms. Traymore (Tr. 455-456), and a July 26, 2012 letter from Randal S. Scholma, M.D. - Staff Psychiatrist at Mercy Clinic Psychiatry, Lowell, Arkansas. (Tr. 460).

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported

by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the undersigned has endeavored to perform this function with respect to the newly submitted evidence.

Although the June 6, 2012 Medical Source Statement and July 12, 2012 letter from Ms. Traymore involve opinions from a non-acceptable medical source, such is not the case with the opinion of Dr. Randal S. Scholma. In his July 26, 2012 letter, Dr. Scholma indicated that he evaluated Plaintiff upon referral from his previous mental health provider, reviewed his chart, and spoke to Ms. Traymore regarding Plaintiff's history. (Tr. 460). After evaluating Plaintiff, it was Dr. Scholma's opinion that Plaintiff met DSM-IV-TR criteria for PTSD, Chronic, and that it was also clear that the PTSD caused significant limitations in his ability to function occupationally and socially. (Tr. 460). Dr. Scholma further noted that Plaintiff's documentation supported a long history of occupational disability caused by the anxiety, distressing recollections, avoidance, and poor sleep resulting from the PTSD, and that he had a significant history of treatment that had yielded modest results and therefore continued dysfunction. (Tr. 460). He concluded "I regard the patient's prognosis as guarded with very limited ability to obtain or sustain meaningful employment. I believe he is an appropriate candidate for disability services." (Tr. 460).

The record in this case also contains an opinion from Dr. David J. Tucker, dated May 10, 2010, one of Plaintiff's treating physicians, wherein he believed Plaintiff was unable to work at that time, and that he at least "certainly cannot hold a regular job due to so much absenteeism because of his pain and medication." (Tr. 258). At that time, Plaintiff was reporting passing

several kidney stones per month. (Tr. 257). By letter dated May 13, 2010, Dr. Tucker wrote that because of Plaintiff's problems, severity and frequency, he felt that Plaintiff was "totally and completely incapable of maintaining any type of work schedule, and for that reason I consider him completely and totally disabled." (Tr. 361). Ms. Traymore also opined on more than one occasion that Plaintiff would not be able to function in the workplace.

Although the ALJ gave reasons for discounting the opinions of Dr. Tucker and Ms. Traymore, he did not have Dr. Scholma's opinion before him, and the undersigned believes that had the ALJ had it before him, he might have given significant weight to Dr. Scholma's opinion and decided the case differently, or at least would have inquired further regarding Dr. Scholma's opinion. Therefore, this matter should be remanded to the ALJ in order for him to consider Dr. Scholma's opinion, and re-evaluate Plaintiff's RFC.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, is hereby remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 27th day of May, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)